OPINION.
{¶ 1} Plaintiffs-appellants, Steve and Julie Bentley, appeal from the trial court's order overruling their motions for a mistrial and a new trial after a jury had returned a verdict for defendant-appellee, Timothy E. Kremchek, M.D., on Bentley's claim for medical negligence and his wife's claim for loss of consortium. Bentley argues that he is entitled to a new trial due to juror misconduct during the trial and irregularity in the jury proceedings. We hold that, in overruling Bentley's motions, the trial court did not abuse its discretion by applying the aliunde rule to juror affidavits or in determining that the evidence of misconduct was insufficient to warrant a new trial.
 {¶ 2} Bentley filed an action for medical negligence against Kremchek, an orthopaedic surgeon, and his professional corporation, Beacon Orthopaedics Sports Medicine Center, alleging that Kremchek had negligently and without Bentley's consent performed an ACL reconstruction on Bentley's left knee. After the jury had returned a defense verdict signed by six jurors on Bentley's negligence claim and a unanimous defense verdict on his informed-consent claim, he moved for a mistrial and a new trial on grounds of juror misconduct. He supported his motions with the affidavits of an alternate juror, Kevin Hudson, jurors Daryl Hawkins and Jamie Kullgren, Stephen Moore, and Bentley's counsel. The trial court determined that Evid.R. 606(B) precluded its consideration of the juror and alternate-juror affidavits. The trial court also rejected Moore's affidavit, ruling that it failed to state specific information to demonstrate juror misconduct. Finding no evidence of prejudice, the trial court overruled Bentley's motions for a mistrial and a new trial.
 {¶ 3} In Ohio, for the purpose of impeaching a verdict, a court cannot consider a juror's affidavit of misconduct during deliberations unless there is evidence aliunde. See State v. Schiebel (1990), 55 Ohio St.3d 71,75, 564 N.E.2d 54. Evid.R. 606(B) provides that a juror is generally incompetent to testify about the jury's internal deliberations related to the verdict. "A juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror, only after outside evidence of that act or event has been presented * * *." Evid.R. 606(B). A party seeking to impeach the verdict must, therefore, lay a foundation of independent evidence from sources with firsthand knowledge of improper conduct other than the jurors themselves. See State v. Scheibel, 55 Ohio St.3d at 75, 564 N.E.2d 54; see, also, State v. Doan (Sept. 29, 1995), 1st Dist. No. C-940330. The purpose of the aliunde rule is to protect the finality of verdicts and to insulate jurors from harassment by unsuccessful parties. See State v.Scheibel, 55 Ohio St.3d at 75, 564 N.E.2d 54.
 {¶ 4} The only evidence aliunde that Bentley offered was the affidavit of Stephen J. Moore, who was summoned as a prospective juror but was not seated as a member of the panel. He stated that while the trial was in progress, he had the following conversation outside the courthouse with jurors Peggy Grause and Jamie Kullgren: "The three of us stood around, smoked and discussed the case. One of the topics of discussion was Dr. Lawhon. One of the women claimed she would find out the circumstances of his death at her work at the hospital. I told them Dr. Lawhon was my doctor as a pediatrician. I can't recall everything we discussed. However, the women did discuss what they had heard to that point and gave their opinions of same. I can't remember any of the specifics, but we talked about the case."
 {¶ 5} Although Mr. Moore's affidavit did present firsthand knowledge about an improper conversation by jurors Grause and Kullgren outside the courtroom, its vague generalizations did not substantiate that the conversation was prejudicially linked to the defense verdict. Furthermore, the record fails to demonstrate whether their discussion about Dr. Lawhon had a prejudicial effect on or influenced the jury's deliberations. He acknowledged that he could not remember the specifics of the conversation.
 {¶ 6} Bentley argues that the trial court did not consider Moore's affidavit. In its judgment entry, however, the trial court specifically stated, "[T]he Court did consider the affidavit of Steven Moore but under Ohio law, the Court ruled that Moore's affidavit did not present any evidence that plaintiffs' were prejudiced[;] therefore Moore's affidavit was not sufficient to require a new trial or declare a mistrial."
 {¶ 7} The trial court's decision to grant or deny a motion for a mistrial or a motion for a new trial, pursuant to Civ.R. 59(A), is within the court's discretion. See Tracy v. Merrell Dow Pharmaceuticals, Inc.
(1991), 58 Ohio St.3d 147, 152-154, 569 N.E.2d 875, and Rhode v. Farmer
(1970), 23 Ohio St.2d 82, 262 N.E.2d 685, paragraph one of the syllabus. The trial court's decision will not be disturbed unless it was unreasonable, arbitrary, or unconscionable. See Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Absent an abuse of discretion, a reviewing court cannot substitute its judgment for that of the trial court. See Tracy v. Merrell Dow Pharmaceuticals, Inc.,58 Ohio St.3d at 152, 569 N.E.2d 875.
 {¶ 8} Bentley's reliance on Koch v. Rist, 89 Ohio St.3d 250,2000-Ohio-149, 730 N.E.2d 963, is misplaced. In Koch, the supreme court considered that the alternate juror who remained in the jury room throughout the deliberations was an instance of "extraordinary misconduct," as the presence of a "stranger" in the jury room violated the sanctity of the jury's deliberations. Unlike this case, the trial court in Koch granted a mistrial. Concluding that the trial court had not abused its discretion, the supreme court observed that reviewing courts should be deferential to the trial court's consideration of the pertinent circumstances. It held that juror misconduct should not cause reversal of a judgment absent prejudice. See id. at 251-252, 2000-Ohio-149,730 N.E.2d 963.
 {¶ 9} Although it was improper for jurors to discuss the case or permit Moore to discuss the case with them, Moore's affidavit did not establish that juror misconduct prevented a fair trial on the Bentleys' claims. The trial court did not abuse its discretion in denying Bentley's motion for a mistrial or a new trial. The assignment of error is overruled.
 {¶ 10} The judgment of the trial court is affirmed.
Judgment affirmed.
Doan, P.J., and Hildebrandt, J., concur.